Case No. 25-5975

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**LOS ANGELES PRESS CLUB, *et al.*,**
*Plaintiffs-Appellees*

v.

**KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**
*Defendants-Appellants*

On Appeal from the United States District Court for the Central District of
California, Case No. 2:25-cv-05563-HDV-E
Honorable Hernán D. Vera

**PLAINTIFFS-APPELLEES' MOTION TO STRIKE DEFENDANTS-
APPELLANTS' MOTION FOR STAY**

BRAUNHAGEY & BORDEN LLP
Matthew Borden (SBN: 214323)
J. Noah Hagey (SBN: 262331)
Kory J. DeClark (SBN: 310571)
Greg Washington (SBN: 318796)
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
borden@braunhagey.com
hagey@braunhagey.com
declark@braunhagey.com
gwashington@braunhagey.com

ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
Peter J. Eliasberg (SBN: 189110)
Jonathan Markovitz (SBN: 301767)
Adrienna Wong (SBN: 282026)
Meredith Gallen (SBN: 291606)
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
peliasberg@aclusocal.org
jmarkovitz@aclusocal.org
awong@aclusocal.org
mgallen@aclusocal.org

*[Additional Counsel Listed on Following Page]*

BRAUNHAGEY & BORDEN LLP
Kevin Opoku-Gyamfi
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
opokugyamfi@braunhagey.com

LAW OFFICE OF CAROL A. SOBEL
Carol A. Sobel (SBN: 84483)
Weston Rowland (SBN: 327599)
2632 Wilshire Boulevard, #552
Santa Monica, CA 90403

SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
Paul Hoffman (SBN: 71244)
Michael Seplow (SBN: 150183)
John Washington (SBN 315991)
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 717-7373
hoffpaul@aol.com
mseplow@sshhzlaw.com
jwashington@sshhzlaw.com

ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
Summer Lacey (SBN: 308614)
Jacob Reisberg (SBN: 329310)
Mohammad Tajsar (SBN: 280152)
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
slacey@aclusocal.org
jreisberg@aclusocal.org
mtajsar@aclusocal.org

LAW OFFICE OF PETER BIBRING
Peter Bibring (SBN: 223981)
2210 W Sunset Blvd # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022
peter@bibringlaw.com

*Attorneys for Plaintiffs-Appellees*
*Los Angeles Press Club, NewsGuild-Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda*

# INTRODUCTION

The Court should strike Defendants-Appellants' Motion For Stay Pending Appeal (Dkt. 8) because the District Court has not yet ruled on the motion to stay the injunction that Defendants filed there, and because Defendants-Appellants' motion does not contain the statements required by Federal Rule of Appellate Procedure 8.

Defendants' attempt to simultaneously seek duplicative relief in multiple courts is improper. Rule 8 of the Rules of Appellate Procedure requires Defendants to wait until the District Court has decided their motion below before they may seek the same relief here.

Nor is there a reason for Defendants' surfeit of stay motions. After waiting nine days, Defendants moved the District Court to stay its injunction. Once the District Court granted an expedited briefing schedule, and Defendants' stay motion was fully briefed, Defendants suddenly—and without cause—decided to try to bypass the District Court before it could rule on the motion to seek relief in this Court. Defendants' motion should be stricken without prejudice to renewal, if appropriate, after the motion they filed in District Court has been decided.

# ARGUMENT

Less than three weeks ago, this Court denied Defendants' Motion to Stay a TRO issued by a district court "for failure to comply with Rule 8." *Vasquez*

1

*Perdomo v. Noem*, No. 25-4312, Dkt. No. 9 at 2 (9th Cir. Jul. 16, 2025). The Court should strike Defendants' stay motion here for the same reason.

Under Federal Rule of Appellate Procedure 8(a)(1)(C), a "party must ordinarily move first in the district court" for a stay pending appeal before filing with this Court. *See Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (noting that the "cardinal principle of stay applications" under Federal Rule of Appellate Procedure 8(a) is that parties must ordinarily move first in the district court (quoting 16A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3954 (3d ed. 1999)). When moving for a stay before this Court, the motion must either (i) show that moving first in the district court would be impracticable, or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action. Fed. R. App. P. 8(a)(2)(A).

This Court should strike Defendants-Appellants' Motion for a Stay because they have prematurely moved this Court for a stay pending appeal here while their stay motion before the District Court motion is still pending. Because the District Court has not yet ruled, Defendants cannot provide—and have not provided—the required statements about the District Court's actions and reasoning that are

2

mandated by Rule 8(a)(2)(A)(ii)[1]. Indeed, this Court has recently denied a motion for a stay by Defendant Noem because it failed to include "statements regarding the district court's actions required by Fed. R. App. P. 8(a)(2)(A)(ii)." *See* Dkt. 9, Order Denying Stay in *Vasquez Perdomo*, No. 25-4312, Dkt. 9 at 2 (9th Cir. July 16, 2025).

There are also important reasons not to allow for an end run around the requirements of Rule 8, which provide for the orderly administration and disposition of stay motions. The Supreme Court has emphasized the value of having a district court, which is most familiar with the record in the case, first address the stay motion. *See Cumberland Tel. Co. v. Pub. Serv. Comm.*, 260 U.S. 212, 219 (1922) (cited in the Advisory Committee Note to Fed. R. App. P. 8(a)) (acknowledging the importance of a district court's initial review of a stay motion because it "is the one which has considered the case on its merits and, therefore, is familiar with the record."); *see also Jones v. Critchfield*, No. 1:25-CV-00413-DCN,

---

[1] While Rule 8 does allow for party to move first in the Court of Appeals when it can show that moving in the district court would be "impracticable," the plain language of the Rule does not allow a party to first move in the district court and then move in the Court of Appeals without a ruling from the district court upon a showing of "impracticability" or any other showing. FRAP 8(a)(2)(A)(ii). But even if the Rule did allow a party to move in the Court of Appeals without waiting for the district court to rule, Defendants cannot show, and have not attempted to show, that it is not practicable to await a ruling by the district court on their pending motion. See Fed. R. App. P. 8(a)(2)(i).

3

2025 WL 2496314 (D. Idaho Aug. 29, 2025) (denying plaintiffs' request for an injunction pending appeal, explaining that "the Court recognizes this is not only a procedural step Plaintiffs must take before seeking an injunction from the Ninth Circuit, but having the District Court address the matter first plays an important substantive role in the efficient administration of justice").

Moreover, the posture of this case counsels against permitting Appellants' attempts to circumvent the clear directives of Rule 8. Defendants cannot contend that the District Court has been dilatory in addressing their motion. Indeed, Defendants have not done so because the District Court set an expedited briefing schedule for their motion, and briefing completed on October 2, 2025. Thus, at Defendants' demand, the District Court has likely already spent time reviewing that briefing to prepare a timely decision. Moreover, as the District Court held in its order setting the expedited briefing schedule, Defendants failed to show they would be irreparably prejudiced if the motion were not decided sooner: "Defendants waited nine days after the Court issued its Injunction" to move for a stay, "during which time the . . . Defendants complied with the Court's order," yet Defendants "identify no instance . . . where Defendants have suffered any harm as a result of the injunction." (*Los Angeles Press Club v. Noem*, No. 2:25-cv-05563-HDV-E, Dkt. No. 60 at 1 (C.D. Cal. Aug. 22, 2025).) This Court should therefore

4

strike Defendants' motion for a stay pending appeal for failure to comply with Rule 8.

## CONCLUSION

For the foregoing reasons, this Court should strike the Motion for a Stay Pending Appeal as premature without prejudice to Defendants-Appellants' filing a renewed motion for a stay after the District Court rules on their underlying motion.

Dated: October 10, 2025                    Respectfully submitted,

**BRAUNHAGEY & BORDEN LLP**

By: /s/ Matthew Borden
        Matthew Borden

*Attorneys for Plaintiffs-Appellees*

5

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A) and 32(a)(5)-(6), and Circuit Rules 27-1(d) and 32-3, the attached answering brief is proportionately spaced, has a typeface of 14 points or more, and contains 1,042 words.

Dated: October 10, 2025

Respectfully submitted,

**BRAUNHAGEY & BORDEN LLP**

By: /s/ Matthew Borden
　　　Matthew Borden

*Attorneys for Plaintiffs-Appellees*