No. 25-5975

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

LOS ANGELES PRESS CLUB; NEWSGUILD - COMMUNICATIONS WORKERS OF AMERICA; SEAN BECKNER-CARMITCHEL; RYANNE MENA; LEXIS-OLIVIER RAY; CHARLES XU; BENJAMIN ADAM CLIMER; ABIGAIL OLMEDA,

*Plaintiffs-Appellees*,

v.

KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Central District of California

## OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO STRIKE DEFENDANTS-APPELLANTS' MOTION FOR STAY

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON
MICHAEL SHIH
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7268*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 353-6880*

## INTRODUCTION AND STATEMENT

The Court should deny plaintiffs' motion to strike the government's stay application. Plaintiffs' motion rests on an incorrect interpretation of Federal Rule of Appellate Procedure 8 that this Court has rejected. And granting the motion would inappropriately delay this Court's consideration of the government's application, which is necessary to secure relief from an intrusive preliminary injunction that imposes extraordinary restrictions on federal officers' ability to respond to violent protests that threaten lives and property.

1.  Federal Rule of Appellate Procedure 8 provides that, before seeking a stay pending appeal in a court of appeals, "[a] party must ordinarily move first in the district court." Fed. R. App. P. 8(a)(1). The rule further provides that "[a] motion for [such] relief . . . may be made to the court of appeals" if the motion "show[s] that moving first in the district court would be impracticable" or "state[s] that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state[s] any reasons given by the district court for its action." Fed. R. App. P. 8(a)(2)(A).

2.  On September 10, the district court entered the preliminary injunction at issue. Doc.55, at 43-45. The court's order did not mention the government's request that, "[t]o the extent the Court issues any injunctive relief, . . . such relief be stayed" pending appeal. Doc.47, at 30. Accordingly, on September 19, the government renewed its request for a stay pending appeal. Doc.58. The motion was filed as soon

as practicable given the government's need to ensure compliance with the injunction pending stay proceedings and the government's need to develop declarations explaining why the injunction would inflict irreparable injury on the government and the public interest. Under the court's local rules, the government requested a decision by September 26. Doc.58, at 2. Rather than decide the case on that timetable, the court set a moderately expedited briefing schedule that gave plaintiffs until September 29 to file their opposition and the government until October 2 to file its reply. Doc.60. In reply, the government informed the court that, "[g]iven the need for prompt action, [the government] expect[s] to file a motion for stay pending appeal in the Ninth Circuit no later than October 9, if the motion is denied or if no action is taken on the motion." Doc.65, at 1.

Over three weeks have elapsed since the government filed its stay motion in district court. The court has not yet issued a decision or indicated when a decision will be forthcoming.

**3.** On October 9, the government filed its stay motion in this Court. The motion stated:

> On September 19, the government asked the district court to stay the injunction pending appeal. The court set a moderately expedited briefing schedule. The government's reply informed the court that, if a decision was not made by October 9, the government would seek a stay from this Court. As of the time of filing, the motion remains pending.

Stay Mot. 7.

2

## ARGUMENT

1. The government's stay application complies with Federal Rule of Appellate Procedure 8. The government "move[d]" to stay the injunction pending appeal "in the district court" well before seeking that relief in this Court. Fed. R. App. P. 8(a)(1). The government informed this Court that, "a motion having been made, the district court . . . failed to afford the relief requested," Fed. R. App. P. 8(a)(2)(A)(ii)—here, by failing to act on the government's motion for nearly three weeks after the motion was filed, Stay Mot. 7. Finally, the government explained that, without a stay, federal officers' ability to protect themselves and the public from violent protests would be seriously impaired. *Id.* at 17-22.

2. At the threshold, plaintiffs' motion to strike should be denied because it is procedurally improper. "[N]umerous judicial decisions" establish that such motions "are viewed with disfavor by the federal courts and are infrequently granted." Wright & Miller, 5C *Federal Practice & Procedure* § 1380 (3d ed.) (Sept. 2025 update). Because "[t]he points raised in [plaintiffs'] motion might have been presented" in an opposition to the government's stay application, "[t]here was no need for [plaintiffs] to burden th[e] court with a burden to strike." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam). The D.C. Circuit recently denied a similar motion for this reason, *see National Treas. Emps. Union v. Vought*, No. 25-5091, 2025 WL 1721068, at *1 (D.C. Cir. Apr. 11, 2025) (per curiam), and this Court should follow the same course here.

3

3. Plaintiffs' motion also lacks merit. Plaintiffs cannot meaningfully dispute that the government sought a stay in district court before moving for a stay in this Court. Therefore, the government's stay application did not need to "show that moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i).

Plaintiffs erroneously suggest that Rule 8(a)(2)(A)(ii) prohibits a movant from seeking a stay in this Court "while [its] stay motion before the District Court . . . is still pending." Mot. to Strike, at 2. That alleged prohibition appears nowhere in the rule. To the contrary, the rule contemplates that a movant may need to seek relief in this Court either because the district court has "denied" relief or because the court has for whatever reason "failed to afford the relief requested." Fed. R. App. P. 8(a)(2)(A)(ii). A district court can "fail[] to afford the relief requested," *id.*, simply by declining to decide a stay motion for an extended period. Deferring appellate consideration of a stay motion under such circumstances would make little sense.

4. In *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020), this Court concluded that a stay application in the same posture complied with Rule 8. There, a district court entered a preliminary injunction on November 19, 2019. On December 4, the government appealed the injunction and moved for a stay pending appeal in district court. *Id.* at 1005. Rather than decide the motion expeditiously, the court set a hearing for January 3, 2020. *Id.* at 1006. The government therefore "moved this [C]ourt for a stay pending appeal on December 12, 2019, three weeks after the

4

injunction issued." *Id.* Plaintiffs responded that the government's application did not comply with Rule 8. *Al Otro Lado v. Wolf*, No. 19-56417, Dkt. No. 21, at 7 (9th Cir. Dec. 13, 2019). But the Court "entertain[ed] the stay motion . . . even though the district court ha[d] not yet ruled on it, because the delay in the district court was sufficiently long to fall under Rule 8(a)(2)(A)(ii)." *Al Otro Lado*, 952 F.3d at 1006 n.5.

Plaintiffs' reliance on this Court's order in *Vasquez Perdomo v. Noem*, No. 25-4312, Dkt. No. 9, at 2 (9th Cir. July 16, 2025), is misplaced. There, the government did not seek a stay in district court until after the government filed "motions for a stay with this court." *Id.* at 2. And "[n]either the [appellate stay] motions nor any supplement thereto contain[ed] the statements regarding the district court's actions required by" Rule 8. *Id.*

5

## CONCLUSION

For these reasons, plaintiffs' motion to strike the government's stay application should be denied.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
COURTNEY L. DIXON

  */s/ Michael Shih*
MICHAEL SHIH
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7268*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 353-6880*
  *michael.shih@usdoj.gov*

October 2025

6

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rules 27-1(d) and 32-3 because it contains 1,201 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

/s/ *Michael Shih*
MICHAEL SHIH