Case No. 25-5975

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**LOS ANGELES PRESS CLUB,** *et al.,*

*Plaintiffs-Appellees*

v.

**KRISTI NOEM,** *in her official capacity as Secretary of Homeland Security;*
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**

*Defendants-Appellants*

On Appeal from the United States District court for the Central District of California, Case No. 2:25-cv-05563-HDV-E
Honorable Hernán D. Vera

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS-APPELLANTS' MOTION FOR STAY**

| | |
|---|---|
| BRAUNHAGEY & BORDEN LLP | ACLU FOUNDATION OF SOUTHERN CALIFORNIA |
| Matthew Borden (SBN: 214323) | Peter J. Eliasberg (SBN: 189110) |
| J. Noah Hagey (SBN: 262331) | Jonathan Markovitz (SBN: 301767) |
| Kory J. DeClark (SBN: 310571) | Adrienna Wong (SBN: 282026) |
| Greg Washington (SBN: 318796) | Meredith Gallen (SBN: 291606) |
| 747 Front Street, 4th Floor | 1313 West 8th Street |
| San Francisco, CA 94111 | Los Angeles, CA 90017 |
| Telephone: (415) 599-0210 | Telephone: (213) 977-9500 |
| borden@braunhagey.com | peliasberg@aclusocal.org |
| hagey@braunhagey.com | jmarkovitz@aclusocal.org |
| declark@braunhagey.com | awong@aclusocal.org |
| gwashington@braunhagey.com | mgallen@aclusocal.org |

*[Additional Counsel Listed on Following Page]*

BRAUNHAGEY & BORDEN LLP
Kevin Opoku-Gyamfi
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
opokugyamfi@braunhagey.com

LAW OFFICE OF CAROL A. SOBEL
Carol A. Sobel (SBN: 84483)
Weston Rowland (SBN: 327599)
2632 Wilshire Bd #552
Santa Monica, CA 90403
Telephone: (310) 393-3055
carolsobellaw@gmail.com
rowlandweston@gmail.com

SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
Paul Hoffman (SBN: 71244)
Michael Seplow (SBN: 150183)
John Washington (SBN 315991)
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 717-7373
hoffpaul@aol.com
mseplow@sshhzlaw.com
jwashington@sshhzlaw.com

ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
Summer Lacey (SBN: 308614)
Jacob Reisberg (SBN: 329310)
Mohammad Tajsar (SBN: 280152)
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
slacey@aclusocal.org
jreisberg@aclusocal.org
mtajsar@aclusocal.org

LAW OFFICE OF PETER BIBRING
Peter Bibring (SBN: 223981)
2210 W Sunset Boulevard # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022
peter@bibringlaw.com

*Attorneys for Plaintiffs-Appellees*
*Los Angeles Press Club, NewsGuild-Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda*

## REPLY

In their Opposition, Defendants-Appellants admit that they moved the district court for the same relief that they are now seeking in this Court and that the district court has not yet ruled on their motion. That admission is fatal to their ability to seek a stay in this Court. Federal Rule of Appellate Procedure 8(a)(2)(A) requires that a motion "must" either (i) show that moving in district court would be impracticable or (ii) explain that the district court denied the motion "and state any reasons given by the district court for its action." Having moved the district court for relief, Defendants cannot claim that moving the district court would be impracticable. Given that the district court has not ruled on their motion, Defendants cannot say that the district court denied their motion or failed to afford the relief requested. Nor can Defendants provide this Court with the district court's reasons for its actions. Their motion thus violates Rule 8.

Defendants argue that Rule 8 only requires them to file a stay motion in district court, but that it does not require them to actually wait for the district court to resolve their motion. (Opp. at 3.) This argument—that they are entitled to consume the resources of multiple courts at the same time—ignores the plain language of Rule 8 and defeats its purpose. As explained in the Plaintiffs' Motion to Strike at 3-4, and unrefuted by Defendants, the whole purpose of Rule 8 is to

1

allow the court most familiar with the factual record, which is extensive here, to pass on the matter in the first instance.

Defendants also argue that the district court did not comply with the timetable they demanded it follow. (Opp. at 1.) There is no such requirement for district courts under Rule 8. Parties do not have a right to tell courts when they must rule, and from all outward manifestations—including that the district court set an expedited briefing schedule to accommodate Defendants—the district court is going through Defendants' lengthy papers and trying to resolve the issues that they presented as quickly as possible.[1] For that reason, *Al Otro Lado v. Wolf*, 952 F.3d 999, 1005, 1006 n.5 (9th Cir. 2020) (Opp. at 4), is not on point because, unlike here, in that case, "the district court denied [defendant's] motion to expedite briefing." *Id*. at 1006.

Equally importantly, Defendants provide no persuasive explanation in their Opposition why they waited nine days to even seek a stay in district court if there were such a pressing need for relief, and that nine day delay undermines their claims of urgency or the suggestion that they are entitled to impose a deadline for

---

[1] Defendants also argue that they asked the district court to stay any injunction—the terms of which were then unknown—on unstated grounds in their opposition to the motion for a preliminary injunction. (Opp. at 1.) Such a request does not comply with Rule 8 or give a district court a meaningful opportunity to pass on Defendants' arguments in support of a stay in the first instance.

2

when the district court must rule on their motion. Nor do they offer any proof of any urgency. As in *Al Otro Lado*, Defendants' Opposition, like their underlying stay motion, cites no incident in which Defendants have shown any harm arising from the injunction during the entire period after it issued—which is separately fatal to both filings. *Id*. at 1007.

Finally, Defendants are incorrect that a motion to strike is improper. (Opp. at 3.) Defendants ignore that this Court's denied their stay motion for failure to allow the district court to pass on the issue first in *Vasquez Perdomo v. Noem*, No. 25-4312 (9th Cir. July 16, 2025). (Mot. at 1-2.) This Court has denied the government's stay motions in other cases similar to this one. *See United States of America v. United States District Court for the District of Oregon, Eugene*, No. 24-684 (9th Cir. Feb. 29, 2024) (pursuant to Rule 8, stay motion "is denied without prejudice to renewal following the district court's adjudication of the stay motion filed in that court"). Under these cases, the Court should strike Defendants' stay motion without prejudice to renewal after the district court rules on the same motion below.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs-Appellees' Motion to Strike Defendants-Appellants' Motion for a Stay.

Dated: October 15, 2025    Respectfully submitted,

**BRAUNHAGEY & BORDEN LLP**

By: */s/   Matthew Borden*
      Matthew Borden

*Attorneys for Plaintiffs-Appellees*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 27(d)(2)(A) and 32(a)(5)-(6), and Circuit Rules 27-1(d) and 32-3, the attached answering brief is proportionately spaced, has a typeface of 14 points or more, and contains 733 words.

Dated: October 15, 2025

Respectfully submitted,

**BRAUNHAGEY & BORDEN LLP**

By: /s/ Matthew Borden
   Matthew Borden

*Attorneys for Plaintiffs-Appellees*