

**U.S. Department of Justice**
950 Pennsylvania Avenue NW
Washington, DC 20530

Tel: (202) 353-6880

February 13, 2026

VIA CM/ECF

Hon. Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

RE:  *Los Angeles Press Club v. Noem*, No. 25-5975

Dear Ms. Dwyer:

We write in response to plaintiffs' letter concerning the temporary restraining order (TRO) recently issued in *Dickinson v. Trump*, No. 3:25-cv-2170 (D. Or.).

The *Dickinson* plaintiffs—five individual journalists and protesters—allege that federal officers targeted them with crowd-control devices in violation of the First Amendment during protests at a DHS facility in Portland, Oregon. In response to plaintiffs' handful of alleged constitutional violations, the district court entered a sweeping TRO that severely restricts DHS officers from deploying crowd-control devices to disperse crowds near the facility, even when those crowds are unlawfully obstructing federal law-enforcement activities and even when those crowds are posing an imminent threat to federal property or public order.

The *Dickinson* TRO, which obviously does not bind this Court, shares many of the same defects as the preliminary injunction at issue here. For example, the TRO grants relief to an essentially universal class of nonparties notwithstanding the Supreme Court's decision in *Trump v. CASA Inc.*, 606 U.S. 831, 858 (2025), and this Court's recent order partially staying the injunction in this case. The TRO also flouts foundational principles of equity and the separation of powers because

it imposes systemic restrictions on DHS officers' ability to use crowd-control devices that are untethered to plaintiffs' claims and that are "too big a step in th[e] direction" of federal courts exercising general oversight over the Executive Branch.  Order, *Tincher v. Noem*, No. 26-1105, at 4 (8th Cir. Jan. 26, 2026) (per curiam).  That district courts in this Circuit are continuing to grant overbroad relief of this sort only underscores why the Court should vacate the injunction on appeal in its entirety.

Sincerely,

MARK R. FREEMAN
AUGUST FLENTJE

*/s/ Michael Shih*
MICHAEL SHIH
Counsel for Appellants

cc:    All counsel by ECF