

**Southern California**

March 12, 2026

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

RE:  *Los Angeles Press Club, et al. v. Kristi Noem, et al.*, Case No. 25-5975 – Federal Rule of
Appellate Procedure 28(j)

Dear Ms. Dwyer:

Plaintiffs respectfully respond to Appellants' Rule 28(j) letter about "developments" in *Chicago Headline Club v. Noem,* No. 25-3023 (7th Cir.), which have no bearing here. (SER-19 n.16 (deeming events in Chicago "beyond the scope of [this case's] PI order").)

As Plaintiffs previously explained (Dkt.62), the injunction here includes none of the Chicago injunction's features that the Seventh Circuit motions panel identified as "overbroad" and "constitutionally suspect" under "separation of powers principles." (Add.11–12.) It does not enjoin an "expansive range of defendants" including the President and DOJ, nor "require[] the enjoined parties to submit for judicial review all current and future internal guidance, policies, and directives," "establish[ing] the district court as supervisor of all Executive Branch activity[.]" (Add.12.)

The panel's commentary on the Chicago order's standing analysis is also inapplicable. Its skepticism about analyzing standing "in gross" and "at a high level of generality" is irrelevant here, because the District Court conducted a detailed, individualized assessment of Plaintiffs' standing. (ER-26–29 (considering each Plaintiff's declaration); SER-9 (same).)

Moreover, the "tension with *Lyons*" the panel raised stemmed from findings that state and local police took over security and federal agents stopped using chemical munitions at the protests plaintiffs attended there. (Add.13–14.) The panel also noted that in Chicago, "public reporting suggest[ed] that the enhanced immigration enforcement initiative may have lessened or ceased, which could affect both the justiciability of [the] case and the propriety of injunctive relief." (Add.6.) No such findings or reporting exist here. Rather, the District Court found that "Plaintiffs intend to continue to be present at *ongoing* protests … at which Defendants target or fire indiscriminately" "upon peaceful protesters, legal observers, and journalists" (ER-27 (emphasis added); SER-9), and the immigration raids precipitating these protests continue in Southern California. (ER-26). Appellants confirmed at oral argument on January 5, 2026 that these protests were ongoing.

Molly C. Dwyer, Clerk of Court
March 12, 2026                                                              Page 2

Finally, the District Court here also determined Plaintiffs have standing based on repeated and continuing First Amendment injuries, which distinguish this case from *Lyons* (ER-25, 27–28; SER-9–10), and which the Seventh Circuit panel did not address. (*See* Add.13–14.)

Respectfully submitted,

*/s/ Adrienna Wong*

Adrienna Wong
Counsel for Plaintiffs-Appellees

Molly C. Dwyer, Clerk of Court
March 12, 2026                                                                    Page 3

## <u>CERTIFICATE OF COMPLIANCE</u>

This letter complies with Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body contains 347 words.

Respectfully submitted,

*/s/ Adrienna Wong*

Adrienna Wong
Counsel for Plaintiffs-Appellees